[Civ. No. 6322.   Second Appellate District, Division One.—January 23, 1931.]

RENE H. ROCHON, Respondent, v. PACIFIC COAST MORTGAGE COMPANY, Appellant.

Hardy, Elliott & Aberle and Odell S. McConnell for Appellant.

J. Russell Morton for Respondent.

HOLLZER, J., *pro tem.*—Plaintiff recovered judgment against defendant in the sum of $545.50, as damages for the conversion of an automobile.

The trial court found that on November 25, 1927, the defendant loaned plaintiff the sum of $304.50, taking title to the latter's automobile as security, giving back to him a sales contract, whereby the defendant sold said automobile to him for the sum of $417.36, payable in twelve equal monthly installments beginning December 29, 1927, and that on December 17, 1927, the defendant repossessed said automobile and refused to return the same to the plaintiff unless he paid to it the full amount owing upon said contract.

The defendant does not dispute the correctness of any of the foregoing findings.

In addition, the lower court found that no condition existed which gave the defendant the right to repossess said automobile and also that plaintiff had performed all of the covenants on his part to be performed, and had not breached any of the terms or conditions of said agreement nor committed any act justifying such repossession, and that he had been damaged by defendant's act in the sum of $545.50. As a conclusion of law, the court held that the defendant's act was wrongful and that plaintiff was entitled to judgment in said amount.

The defendant challenges the findings and conclusion of law mentioned in the preceding paragraph, and contends that said findings are not supported by the evidence, also that said conclusion of law is erroneous, and that the damages allowed to the plaintiff are excessive.

That the defendant took the plaintiff's automobile prior to the maturity of any installment payable under the contract and also disposed of said car is not disputed.

The defendant, however, seeks to justify its action in repossessing said automobile and disposing of the same, under two certain paragraphs of said contract.

One of these—omitting all portions not relevant to the present case—provides that should the seller (defendant) deem the financial condition of the purchaser (plaintiff) such as to endanger the rights or security of seller under said contract, or should said purchaser misuse or abuse the car, then the seller shall have the right to declare immediately due and payable the entire amount of principal and interest.

The other clause under consideration provides that if the purchaser shall be in default or fail to perform any of the conditions or covenants of the agreement, or misuse or abuse the car, then in any such case, the seller shall immediately have the right, without notice to the purchaser, to take possession of such car and proceed to sell the same.

Relying upon the foregoing provisions, defendant contends that after making said loan, it discovered that plaintiff had misrepresented his financial status in his application for the loan, in that by said application he had informed the defendant that he did not owe any past due debts, whereas, at the time of making said representation, he

owed various debts totaling approximately $268, all of which were then past due.

Accordingly, it is urged that, upon discovering the existence of such indebtedness, the defendant concluded that the same endangered its rights and security under the contract, and thereupon declared the entire amount payable thereunder to be immediately due, took possession of said car and sold the same.

At the trial plaintiff admitted that he signed a written application for said loan, wherein he stated that he did not then owe any past due debts, and also admitted that he was in fact indebted at that time in the amount of $268, all of which was past due. On the other hand, plaintiff further testified that, at the time of making said application, he was interrogated on the question of his indebtedness by a representative of the defendant, on which occasion, he informed said representative that he owed a couple of hundred dollars, to which the defendant's agent responded, in substance, that everybody owed that amount.

Assuming, however, for the purposes of this appeal, that the plaintiff had been guilty of the misrepresentation charged against him, such alleged fraud would only have entitled the defendant either to rescind the transaction or to affirm the contract. Having failed to rescind, the defendant must be deemed to have ratified the contract, and must seek for its remedy under the terms thereof.

It is conceded that the plaintiff had not failed to pay any installment owing under the contract. It is likewise undisputed that there had been no change in the plaintiff's financial status between the time he applied for the loan and the date on which the defendant seized his car.

Likewise, there is nothing in the record to show that plaintiff's alleged misrepresentation tended to lessen or endanger, or could have lessened or endangered, the defendant's rights or security under the contract.

We conclude, therefore, that nothing had occurred which, under the terms of the contract, justified the seizure of the car.

Hence, unless the plaintiff had violated some other covenant of the agreement, the act of defendant in repossessing the automobile and in refusing to return the same, except upon the condition that plaintiff pay the full amount

owing under the contract, was arbitrary and unjustifiable, and constituted a conversion of the car.

The seller of property under a conditional sales contract, which authorizes the latter to repossess the property if he deems the financial condition of the purchaser such as to endanger the rights or security of the seller under the contract, may not act arbitrarily, but must have reasonable ground for retaking the property. In such case, where there has been no change in the financial condition of the purchaser between the date of making the contract and the time when the property is retaken, such repossession is arbitrary and unlawful.

Defendant makes the further contention that plaintiff had abused the car, in that at the time it undertook to repossess the same, the defendant found that a spring was broken, the battery was run down, and that the car was without gas and oil. Because of such condition of the car, it is argued that the seizure thereof was justified under the terms of the contract.

There is no merit in this point. Perhaps a sufficient answer to this contention would be to call attention to the fact that, at the time defendant repossessed the car, no such reason was assigned for taking the same. In addition, it should be noted that the plaintiff testified that the car was in good running order up to and including the day preceding the one on which the defendant seized it, and that the spring referred to had been broken only the preceding night.

It follows, therefore, that the trial court was warranted in finding that no condition existed which gave the defendant the right to repossess said automobile, and that plaintiff had not breached any of the terms of the contract, nor committed any act justifying the defendant repossessing the car.

Upon the question of damages, it is sufficient to point out that the plaintiff testified that said automobile, at the time it was seized by the defendant, was worth between $850 and $900. Taking the minimum figure as the value of the car, and deducting therefrom the amount of the loan, to wit: $304.50, would leave $545.50 as the net worth of the car, and hence the damage to the plaintiff.

This coincides with the sum which the lower court fixed as the amount of plaintiff's damage.

For the foregoing reasons the judgment is affirmed.

Conrey, P. J., and York, J., concurred.